

1   **McGuireWoods LLP**
    Michael D. Mandel, Esq. (SBN 216934)
2       E-Mail: mmandel@mcguirewoods.com
    John A. Van Hook, Esq. (SBN 205067)
3       E-Mail: jvanhook@mguirewoods.com
    1800 Century Park East, 8th Floor
4   Los Angeles, CA 90067-1501
    Telephone: 310.315.8200
5   Facsimile: 310.315.8210

6

7   Attorneys for BANK OF AMERICA, N.A.

8

9                   **UNITED STATES DISTRICT COURT**

10                  **CENTRAL DISTRICT OF CALIFORNIA**

11                          CV13-  4115 ODW (JCx)

12

    Mark Bittenson, an individual,          CASE NO.
13
                Plaintiff,                   [Los Angeles County Superior Court
14                                           Case No. BC507855]
            vs.
15                                           **DEFENDANT'S NOTICE TO**
    Bank of America, National Association,   **FEDERAL COURT OF REMOVAL**
16  Thierry Dubois, an individual and        **OF CIVIL ACTION FROM STATE**
    DOES 1 through 50,                       **COURT; DECLARATIONS OF**
17                                           **ROBERT M. DROZYNSKI AND**
                Defendants.                  **COLLEEN O. JOHNSON IN**
18                                           **SUPPORT THEREOF**

19                                           Complaint Filed:    05/02/2013
                                             Complaint Served:   05/08/2013
20

21

22

23

24

25

26

27

28

48374850.1

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

2  **CENTRAL DISTRICT OF CALIFORNIA:**

3       PLEASE TAKE NOTICE that Defendant BANK OF AMERICA, N.A.

4  ("BANA"), by and through its undersigned counsel, hereby removes the above-

5  entitled action currently pending in the Superior Court of the State of California in

6  and for the County of Los Angeles (the "State Court") to the United States District

7  Court for the Central District of California on the grounds that this Court has

8  original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and 28

9  U.S.C. § 1441, and all other applicable bases for removal.  In support of its Notice

10  of Removal, BANA avers as follows:

11  **PLEADINGS AND PROCEEDINGS**

12      1.    Plaintiff Mark Bittenson ("Plaintiff") filed a Complaint against BANA

13  and Defendant Thierry Dubois ("Dubois") in the State Court on May 2, 2013, in a

14  case styled as *Mark Bittenson v. Bank of America, National Association, Thierry*

15  *Dubois, and DOES 1 through 50.*  Case No. BC507855 (the "State Court Action").

16      2.    A true and correct copy of the Complaint, which was served on BANA

17  on May 8, 2013, is attached hereto as Exhibit A.

18      3.    In addition to the Complaint, a true and correct copy of the following

19  documents served in the State Court Action is attached hereto as the Exhibits

20  identified below:

21            Exhibit B:   Service of Process Transmittal (BANA)

22            Exhibit C:   Summons on Complaint

23            Exhibit D:   Civil Case Cover Sheet

24            Exhibit E:   Notice of Case Assignment

25            Exhibit F:   Los Angeles Superior Court Rules and Forms

26      4.    BANA is informed and believes that Dubois has not been served with

27  the Complaint.  At the time of removal, the Los Angeles Superior Court's online

28  docket shows that the only proof of service filed by Plaintiff is for BANA.  *See*

1    www.lasuperiorcourt.org/civilcasesummarynet/ui/, Case Number BC507855.  Thus,

2    because he has not been properly served with the Complaint, Dubois' consent to this

3    Notice of Removal is not required.  *See* 28 U.S.C. § 1446(b)(1).

4        5.    Defendant Does 1 through 50 have yet to be identified, and thus are to

5    be disregarded for the purposes of this removal.  *See* 28 U.S.C. § 1441(b)(1).

6        6.    In accordance with 28 U.S.C. § 1446(d), BANA is providing prompt

7    written notice of this Notice of Removal to all adverse parties and to the Clerk of the

8    State Court.

9                    **TIMELINESS OF REMOVAL**

10       7.    This action has not previously been removed to federal court.

11       8.    This Notice of Removal is timely pursuant to 28 U.S.C. §

12   1446(b)(2)(B) and § 1446(c)(1) as it is being filed within 30 days of the date that

13   BANA was served with a copy of Plaintiff's Complaint (May 8, 2013), and within

14   one year of the filing of the State Court Action.

15                     **DIVERSITY JURISDICTION**

16       9.    This Court has original jurisdiction over this action pursuant to 28

17   U.S.C. § 1332(a), and is one which may be removed to this Court by BANA,

18   because (1) there is complete diversity of citizenship between Plaintiff and BANA;

19   (2) Dubois is a fraudulently-joined sham and nominal defendant whose citizenship

20   will not defeat removal on diversity grounds and is disregarded; and (3) the amount-

21   in-controversy exceeds $75,000.00, exclusive of interest and costs.

22                      **DIVERSE CITIZENSHIP**

23       10.   **Plaintiff's Citizenship.**  BANA is informed and believes that Plaintiff

24   is and at all relevant times was a resident of Los Angeles County, California.

25   BANA is informed and believes and thereon alleges that Plaintiff has the intent to

26   remain in California and is therefore a citizen of California.

27       11.   **Bank of America, N.A.'s Citizenship.**  Pursuant to 28 U.S.C.

28   § 1332(c)(1), BANA is a citizen of the State of North Carolina (the location of its

48374850.1
                                    2

1  main office). BANA is a national banking association chartered under the laws of

2  the United States. *See* Declaration of Colleen O. Johnson ("Johnson Decl."), ¶ 2.

3  28 U.S.C. § 1348 ("Section 1348") governs the citizenship of national banking

4  associations for diversity purposes.    Section 1348 provides, in relevant part, that

5  "[a]ll national banking associations shall, for the purposes of all other actions by or

6  against them, be deemed citizens of the states in which they are respectively

7  located." 28 U.S.C. § 1348. For the purpose of diversity jurisdiction, a national

8  banking association is "located" only in the state designated in its articles of

9  association as its main office, even though it has branch offices in other states. *See*

10 *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 317-18 (2006). *See also American*

11 *Surety Company v. Bank of California*, 133 F.2d 160 (9th Cir. 1943); *United States*

12 *National Bank v. Hill*, 434 F.2d 1019 (9th Cir. 1970).

13         12.    BANA is headquartered in, has its principal place of business in, and is

14 therefore "located" in, North Carolina. *See* Johnson Decl., ¶ 3. Its articles of

15 association designate Charlotte, North Carolina, as the location of its main office.

16 Its principal executive offices, including the office of its President, are located in

17 Charlotte, North Carolina.    Furthermore, BANA's certificate from the Office of the

18 Comptroller of the Currency ("OCC") states that it is located in Charlotte, North

19 Carolina, and the OCC has issued an Interpretive Letter regarding Defendant's

20 North Carolina citizenship for purposes of diversity jurisdiction. In short, under the

21 standard set forth in *Wachovia* and *American Surety*, BANA's principal place of

22 business is, in fact, the state of North Carolina. Further, given that BANA's

23 headquarters are in Charlotte, North Carolina, that its officers direct, control and

24 coordinate its activities from there, and that the majority of its executive and

25 administrative functions are performed there, its state of citizenship is North

26 Carolina, and not California, even under the standard set forth in *Hertz Corp. v.*

27 *Friend*, 130 S. Ct. 1181, 1183-84 (2010).

28

1      13.    **Fraudulently Joined Individual Sham Defendant Dubois.**  In an

2  attempt to destroy diversity of citizenship, Plaintiff has fraudulently joined a sham

3  individual defendant, Dubois.  Plaintiff alleges Dubois is a domiciliary of the State

4  of California.  *See* Exhibit A, ¶ 6.  However, fraudulently joined defendants will not

5  defeat removal on diversity grounds.  *Isaacs v. Broido*, Case No. 08-56084, 2009

6  U.S. App. LEXIS 26514, *3 (9th Cir. Dec. 4, 2009); *Ritchey v. Upjohn Drug Co.*,

7  139 F.3d 1313, 1318 (9th Cir. 1998).

8      14.    Plaintiff has named Dubois only with respect to the two claims alleged

9  against him: 1) violation of the California Family Rights Act (the "CFRA"), Cal.

10  Gov. Code § 12945.2; and 2) intentional infliction of emotional distress ("IIED").

11  *See* Exhibit A (Complaint), ¶¶ 43-51 (Third Cause of Action) ¶¶ 79-84 (Ninth Cause

12  of Action).  However, based on the allegations that are actually made in the

13  Complaint, it is apparent that these claims cannot be asserted against Dubois.

14      15.    The *only* allegation of Dubois' conduct is that Dubois "carried out"

15  Plaintiff's termination.  *See id.*, ¶ 22.  Indeed, Plaintiff's CFRA and IIED claims

16  against Dubois are solely based on Plaintiff's termination.  *See Id.*, ¶¶ 22, 23, 48, 49,

17  and 81.  Dubois' participation in Plaintiff's termination was nothing more than a

18  typical personnel action and such actions do not give rise to individual liability. *See*

19  *Reno v. Baird*, 18 Cal.4th 640, 663 (1998); *Janken v. GM Hughes Elec.*, 46

20  Cal.App.4th 55, 64-65 (1996); *Sheppard v. Freeman*, 67 Cal.App.4th 339, 347

21  (1998).  While there may be the possibility for individual liability for IIED claims in

22  other situations, such liability requires "'behavior [] beyond the act of termination.'"

23  *Dagley v. Target Corp., Inc.*, 2009 WL 910558 at *3 (C.D. Cal., Mar. 31, 2009),

24  *quoting Gibson v. Am. Airlines*, 1996 WL 329632, at *4 (N.D.Cal. June 6, 1996);

25  *see also Ball v. Los Rios Cmty. Coll. Dist.*, 2007 WL 1791689 (E.D. Cal. 2007)

26  (individual defendants cannot be held liable for failure to accommodate claim under

27  the FEHA); *McLachlan v. Bell*, 261 F.3d 908, 911 (9th Cir. 2001) (inducing an

28  adverse personnel action cannot support imposition of personal liability as against a

1 | supervisor under FEHA).  Plaintiff has only alleged Dubois acted in his termination

2 | and nothing more, thus Plaintiff's claims against Dubois, who was not Plaintiff's

3 | employer, fail as a matter of law.

4 |      16.    Plaintiff's CFRA claim against Dubois fails as a matter of law because

5 | the only alleged "violation" of the CFRA by Dubois is Plaintiff's terminated.  *Id.*, ¶¶

6 | 48 and 49.  The Complaint clearly shows that the sole basis for Plaintiff's CFRA

7 | claims against Dubois is the termination: "Plaintiff suffered retaliation in the form of

8 | nearly immediate termination from employment....Individual liability under the

9 | CFRA may be imposed on Defendant Dubois in that he...retaliated against

10 | Plaintiff."  *Id.*  Plaintiff alleges Dubois "interfered with Plaintiff's invocation of

11 | CFRA rights," but the *only* factual allegations are that Plaintiff was terminated.  *Id.*,

12 | ¶ 49.  Participation in typical personnel actions does not give rise to individual

13 | liability.  *See Reno*, 18 Cal.4th 640; *Janken*, 46 Cal.App.4th 55; *Sheppard*, 67

14 | Cal.App.4th 339.  Therefore, because Plaintiff's only allegation of Dubois' violation

15 | of the CFRA is his participation in Plaintiff's termination, Plaintiff cannot state a

16 | claim against Dubois.

17 |      17.    Similarly, Plaintiff labels his Ninth Cause of Action as IIED, but the

18 | *only* underlying factual allegations are his termination (as shown above the

19 | allegations related to CFRA interference are also solely based on the termination).

20 | *Id.*, ¶ 81.  A "simple pleading of personnel management activity is insufficient to

21 | support a claim of intentional infliction of emotional distress, even if improper

22 | motivation is alleged..." *Janken*, 46 Cal.App.4th 55, 80.  Plaintiff has alleged no

23 | conduct of Dubois "beyond the act of termination.'" *Dagley*, 2009 WL 910558 at

24 | *3, *quoting Gibson*, 1996 WL 329632, at *4.  As such, Plaintiff cannot state a claim

25 | for IIED against Dubois.

26 |      18.    Plaintiff's inability to state a claim against Dubois as a matter of law

27 | makes joinder of Dubois to this action fraudulent. *Ritchey*, *supra*, 139 F.3d at 1318.

28 | Therefore, the joinder and citizenship of Dubois can and should be ignored, and this

1    case may be removed to this Court based on the diversity of citizenship that existed

2    between Plaintiff (California) and Defendant BANA (North Carolina) at the time

3    Plaintiff's Complaint was filed and at the time of removal.

4         19.    **DOE Defendants.**  Defendants "DOES 1 through 50" are fictitious

5    Defendants whose citizenship is disregarded for purposes of removal.  *See* 28 U.S.C.

6    § 1441(a).

7                          **AMOUNT IN CONTROVERSY**

8         20.    Although BANA denies any wrongdoing or liability to Plaintiff, based

9    on the allegations, claims, and prayer for relief set forth in the Complaint, the

10   amount-in-controversy in this action exceeds the jurisdictional minimum amount of

11   $75,000.00.  Specifically, Plaintiff seeks, *inter alia*, unpaid and/or lost income and

12   benefits, emotional distress damages, penalties under the California Labor Code,

13   punitive damages, and attorneys' fees and costs.  *See* Ex. A, Prayer, p.14.  Plaintiffs'

14   claims include disability discrimination in violation of the California Fair

15   Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940, *et seq.*, age

16   discrimination in violation of FEHA, violations of the CFRA, harassment in

17   violation of FEHA, wrongful termination in violation of public policy, unpaid

18   overtime wages in violations of Labor Code § 1194, waiting time penalties in

19   violation of Labor Code § 203, failure to provide accurate wage statements in

20   violation of Labor Code § 226, intentional infliction of emotional distress, and

21   unfair business practices.  *See* Ex. A.

22        21.    An action may be removed if the defendant establishes, by a

23   preponderance of the evidence, that the aggregate amount-in-controversy exceeds

24   the jurisdictional amount.  *See Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683

25   (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d

26   489, 491 (9th Cir. 1972).  While Plaintiff's Complaint does not set forth the dollar

27   amount prayed for, a reasonable person reading the Complaint would conclude that

28   Plaintiff is "more likely than not" seeking damages in an amount greater than the

1    $75,000 jurisdictional amount.  28 U.S.C. § 1332(a); *Guglielmino v. McKee Foods*
2    *Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

3           22.    In determining whether the amount-in-controversy exceeds $75,000.00,
4    the Court must presume that Plaintiff will prevail on each and every one of his
5    claims.  *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.
6    993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Inc.*, 31 F.3d 1092 (11th Cir.
7    1994) (the amount-in-controversy analysis presumes that "plaintiff prevails on
8    liability")) and *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount
9    in controversy is not measured by the low end of an open-ended claim, but rather by
10   reasonable reading of the value of the rights being litigated").  In addition, the Court
11   may look beyond the complaint to determine whether the amount-in-controversy is
12   met.  *See Abrego v. Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006).

13          23.    The amount in controversy may include general and special
14   compensatory damages, punitive damages, emotional distress damages and
15   attorneys' fees which are recoverable by statute.  *See Goldberg v. CPC Int'l, Inc.*,
16   678 F.2d 1365, 1367 (9th Cir. 1982); *Davenport v. Mutual Ben. Health & Acc.*
17   *Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Kroske v. U.S., BankCorp.*, 432 F.3d 976,
18   980 (9th Cir. 2005).

19          24.    Here, considered together, the general and special damages sought by
20   Plaintiff, along with the punitive damages and attorneys' fees that might be awarded
21   if Plaintiff prevails, establish by a preponderance of the evidence that the amount-in-
22   controversy exceeds $75,000.00.

23          25.    **Compensatory Damages.**  Plaintiff is seeking to recover compensatory
24   damages including "a loss of income and benefits" and "unpaid and/or lost wages,
25   earnings, retirement benefits and other employee benefits"  *See* Ex. A, ¶¶ 34, 41, 50,
26   55 and Prayer ¶ 1.

27          26.    Plaintiff alleges that BANA's actions resulted in a loss of past and
28   future lost wages.  *See Id.*  At the time of his termination, Plaintiff earned

48374850.1

7

approximately $92,000 annually.  *See* Declaration of Robert M. Drozynski
("Drozynski Decl."), ¶ 3.  BANA terminated Plaintiff's employment on or around
August 25, 2011.  *See Id.*  Assuming that Plaintiff is at least seeking damages from
the time of his termination until the time of the Complaint, more than 18 months, his
claim for lost wages would exceed $138,000 (($92,000 annual salary x 1.5 years) =
= $138,000).

27.  **Emotional Distress Damages**.  Plaintiff's Complaint also seeks to
recover damages from BANA for alleged emotional distress, including, "mental
distress, suffering and anguish."  Ex. A, ¶ 34, 41, 50, 55, 92, 94, and Prayer ¶ 2.  In
*Kroske v. U.S., BankCorp.,* 432 F.3d 976, 980 (9th Cir. 2005), the Ninth Circuit
Court held that the trial court properly estimated $25,000 for emotional distress
damages for purposes of satisfying the amount-in-controversy where the estimated
wage loss was $55,000.  Accordingly, as in *Kroske,* the minimum value of
Plaintiff's emotional distress claim should be estimated at no less than **$25,000** for
purposes of calculating the amount in controversy in this action.

28.  **Waiting Time Penalties.**  Plaintiff also seeks recovery of alleged
unpaid overtime, on the theory that Plaintiff should have been classified as a non-
exempt employee.  *See* Ex. A, ¶¶ 65-70 (Sixth Cause of Action).  Based on his
misclassification and unpaid overtime theory, Plaintiff asserts a derivative claim for
waiting time penalties under Labor Code section 203.  *See id.,* ¶¶ 71-73 (Seventh
Cause of Action).  As to his claim for waiting time penalties, Plaintiff alleges that he
is seeking thirty days' of penalties in the amount of his daily wage.  *See id.,* ¶ 73.
Based upon Plaintiff's annual salary of $92,000, the amount in controversy for 30
days' of waiting time penalties is approximately daily wage rate was approximately
$7,561 ($92,000 ÷ 365 x 30).

29.  **Punitive Damages.**  In addition, Plaintiff seeks punitive and/or
exemplary damages against BANA for "despicable" conduct and for acting with
"malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's

1  rights," *See* Ex. A, ¶¶ 35, 42, 51, 56, 64, 84, 96 and Prayer ¶ 5.  In *State Farm Mut.*
2  *Automobile Ins. Co. v. Campbell*, 538 U.S. 403, 425 (2003), the United States
3  Supreme Court held that the longstanding historical practice of setting punitive
4  damages at two, three, or four times the size of compensatory damages, while "not
5  binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to
6  comport with due process." Here, as shown above, Plaintiff is more than likely
7  seeking compensatory general damages of at least $138,000.  As a result, while
8  BANA denies that Plaintiff can satisfy any of the required elements for a punitive
9  damages award, the potential punitive damages amount-in-controversy in this action
10  is likely to be an additional hundreds of thousands of dollars.
11     30.  **Attorney's Fees.**  Plaintiff also seeks an award of attorneys' fees
12  pursuant to his claims under Cal. Labor Code §§ 203, 226, and 1194 and the CFRA.
13  *See* Ex. A, ¶ 70, 78, 97, 98 and Prayer ¶ 6.  Where attorneys' fees are authorized by
14  statute, they are appropriately part of the calculation of the amount-in-controversy
15  for purposes of removal.  *See Kroske*, 432 F.3d at 980; *Johnson v. America Online,*
16  *Inc.*, 280 F.Supp.2d 1018 (N.D. Cal. 2003).  Although BANA disputes that Plaintiff
17  is entitled to any attorneys' fees in this action, such fees are properly included in the
18  amount-in-controversy where, as here, they are expressly pleaded in the Complaint
19  and provided for by statute.  *See* Cal. Labor Code §§ 218.5, 226 and 1194; Cal.
20  Gov't § 12965(b).  The Court's own knowledge and experience in ruling on
21  prevailing plaintiffs' motions for attorneys' fees in wrongful termination and
22  retaliation litigation such as this action should indicate that it is "more likely than
23  not" that the Plaintiff will be seeking an attorneys' fees award of at least **$150,000** if
24  this case is litigated to judgment in a jury trial.  BANA reasonably estimates at this
25  juncture that its own attorneys' fees to defend this action through a jury trial and
26  post-trial motions will be over $150,000.00 based on its own past litigation
27  experience.
28

In sum, the estimated amount-in-controversy in this action is conservatively estimated, based on the information in the Complaint and that information presently known to BANA, as follows:

| DAMAGES | CALCULATION | TOTAL |
|---|---|---|
| Lost Wages (exclusive of benefits and interest) | 18 months of lost wages from Plaintiff's August 25, 2011 termination to the date of the Complaint | $138,000 |
| Emotional Distress Damages | Conservatively estimated per *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) | $25,000 |
| Waiting Time Penalties | $92,000 salary ÷ 365 days x 30 days | $7,561 |
| Statutory Attorneys' Fees | Estimated based on prior litigation experience | $150,000 |
| **TOTAL**[1] | | **$320,561** |

31.    Thus, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.[2]

---

[1] These calculations do not include the additional, unspecified amounts that Plaintiff is seeking in his claims for overtime wages, wage statement penalties, and punitive damages.

[2] Nothing in this Notice of Removal is intended nor should be construed as any type of express or implied admission by BANA of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of BANA's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.  Further, BANA expressly reserves its right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law.

1

**VENUE**

2       32.    Venue lies in this Court because Plaintiff's action is pending in this

3 district and division. *See* 28 U.S.C. § 1441(a). BANA is informed and believes that

4 the events allegedly giving rise to this action occurred within this judicial district.

5       WHEREFORE, BANA requests that the above-captioned action now pending

6 in the State Court be removed to this United States District Court.

7

8 DATED: June 7, 2013            McGuireWoods LLP

9

10                     By: _____

11                          Michael D. Mandel

12                          John A. Van Hook
                         Attorneys for Defendant,

13                          BANK OF AMERICA, N.A.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

48374850.1

11

1    **<u>DECLARATION OF ROBERT M. DROZYNSKI</u>**

2    I, Robert M. Drozynski, declare as follows:

3    1.    I am Senior Vice President, Pay Service Delivery Manager for Bank of

4  America, N.A. ("BANA"). I am making this declaration in support of Defendants'

5  Notice of Removal of Civil Action to the United States Court for the Central District

6  of California. I make this affidavit based on my own personal knowledge and upon

7  review of records created and maintained in the ordinary course of business by

8  BANA, including its personnel information and records. I am duly authorized to

9  make this declaration on behalf of BANA. If called as a witness, I could and would

10  competently testify thereto. I am over 18 years of age.

11    2.    Based upon my job duties, I have access to and have reviewed BANA's

12  personnel records and, based thereon, have knowledge of Plaintiff Mark Bittenson's

13  ("Plaintiff") employment with BANA. BANA's business records referred to in this

14  declaration are prepared and maintained by the employees of BANA who have a

15  business duty to do so, and are kept in the ordinary course of BANA's business.

16  The entries made in such business records were made at or near the time of the

17  occurrence of the events recorded in such records. In addition, the business records

18  are in all instances kept in a safe and secure location.

19    3.    According to BANA's business records, Plaintiff's employment

20  commenced on July 14, 2008 and was terminated on August 25, 2011. At the time

21  of his termination, Plaintiff received an annual salary of $92,000.

22    I declare under penalty of perjury under the law of the United States of

23  America that the foregoing is true and correct.

24    Executed May 29, 2013 at Utica, New York.

25

26    _____
                    ROBERT DROZYNSKI

27

28

## DECLARATION OF COLLEEN O. JOHNSON

I, COLLEEN O. JOHNSON, hereby declare as follows:

1.     I am Vice President and Assistant Secretary for Bank of America Corporation ("Bank of America").  Consequently, I have knowledge of and am familiar with the corporate structure of Bank of America, a Delaware Corporation with its principal place of business in Charlotte, North Carolina, and its subsidiaries and affiliates.  I make this Declaration in support of Defendants' Notice of Removal of Civil Action to Federal Court.  All of the information set forth herein is based on my personal knowledge, and if called to testify and sworn as a witness, I could and would competently testify thereto.

2.     Bank of America, N.A. is a national banking association under the laws of the United States of America.

3.     At all times relevant to the above-captioned action, Bank of America, N.A. is and has been headquartered in and has maintained its principal place of business in Charlotte, North Carolina.

4.     Bank of America, N.A. is a wholly-owned subsidiary of BANA Holding Corporation, which is a wholly-owned subsidiary of BAC North America Holding Company, which is wholly-owned subsidiary of NB Holdings Corporation, which is a wholly-owned subsidiary of Bank of America Corporation.

5.     As of May 2, 2013 (the date of filing of the Complaint), Bank of America, N.A. was not headquartered in California and did not maintain its principal place of business in California.

I declare under penalty of perjury under the law of the United States of America and the State of California that the foregoing is true and correct.

Executed *May 29, 2013*, 2013 at *Charlotte*, *North Carolina*

_____
COLLEEN O. JOHNSON

48104862.2

DECLARATION OF COLLEEN O. JOHNSON IN SUPPORT OF
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1  PAUL T. CULLEN, State Bar #193575
   THE CULLEN LAW FIRM, APC
2  19315 Rinaldi, Box 647
   Porter Ranch, CA 91326
3  (626) 744-9125 / FAX (866) 794-5741
   e-mail: Paul@Cullenlegal.com
4
   Attorneys for Plaintiff Mark Bittenson,
5  an individual

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 02 2013

John A. Clarke, Executive Officer/Clerk
BY _____ /Deputy
Cristina Grijalva

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11  Mark Bittenson, an individual,          ) CASE NO.  BC 5 0 7 8 5 5
                                            )
12              Plaintiff,                   ) **COMPLAINT FOR DAMAGES**
                                            )
13       vs.                                 )
                                            )
14  Bank of America, National Association, Thierry )
    Dubois, an individual and DOES 1 through 50, )
15                                          )
                Defendants.                  )
16                                          )
                                            ) JURY TRIAL DEMANDED
17  _____)

18

19       COMES NOW, plaintiff, Mark Bittenson ("Bittenson" and/or Plaintiff), an individual, and

20  for causes of action against Defendants Bank of America, Thierry Bubois and DOES 1 through 50,

    and each of them, complains and alleges, as follows:
21
           **FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**
22
    1.   This is a Complaint by an employee against his former employers for damages.  Plaintiff
23
         seeks compensatory and punitive damages.
24
    2.   This Court is the proper court and this action is properly filed in the County of Los Angeles
25
         and in this judicial district because Defendants do business in the County of Los Angeles,
26
         and because Defendants' obligations and liability arise therein.
27

28

_____
                    **COMPLAINT FOR DAMAGES**

EXHIBIT A

3.    Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the fictitious names DOE 1 through DOE 50, inclusive. Plaintiff is informed and believes that each of DOE defendants was responsible in some manner for the occurrences and injuries alleged hereinafter in this complaint.

4.    At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every defendant was the agent or employee of each and every other defendant. In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission, and authorization of each of the remaining defendants. All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers and/or managing agents of every other defendant.

5.    At the pertinent times mentioned in this complaint, Plaintiff is informed and believes and thereon alleges that Bank of America, National Association (sometimes hereinafter BOA) was and is a business entity, to wit a national association, doing business in the State of California.

6.    At the pertinent times mentioned in this complaint, Plaintiff is informed and believes and thereon alleges that Thierry Dubois was and is an individual and a California domiciliary, who acted as plaintiff's direct manager at BOA.

7.    Defendants Bank of America along with DOES 1 through 50, will be referred to jointly as "DEFENDANT EMPLOYERS."

8.    On or about July 15, 2008, Plaintiff commenced working for DEFENDANT EMPLOYERS in a job position titled Vice President Business Client Manager.

9.    He routinely worked approximately nine hours per day, five to six days per week; however, he was not paid premium overtime pay for all such hours worked in excess of eight per day and/or 40 per week violation of state law.

10.   Defendant improperly classified plaintiff as an exempt employee.

11. Although plaintiff Bittenson performed some exempt tasks on behalf of DEFENDANT EMPLOYERS, DEFENDANT EMPLOYERS could not have reasonably expected that the majority of the work performed by plaintiff was comprised of exempt tasks under applicable law, because it was not.

12. During the course of his employment with the DEFENDANT EMPLOYERS, plaintiff was routinely required to work nights, weekends and during vacation.

13. Plaintiff and other employees over forty years old were also treated less favorably than similarly situated, younger employees.

14. Plaintiff was also discriminated against based upon his need for a medical accommodation and medical leave under the California Family Rights Act (CFRA).

15. Beginning as early as February 2011, Plaintiff began to experience severe pain in his legs and back, which caused him to walk with a noticeable limp.

16. Everyone that he dealt with at work was aware of his disability, in that it was readily apparent. For instance, due to his medical condition, at meetings he would sit while other employees stood. Even so, Defendants failed to engage in any interactive process to provide needed accommodations, notwithstanding requests for the same.

17. Throughout the three year duration of his employment with BOA, he consistently was able to arrange loans that met or exceeded his 70% quota required by the bank. However, BOA undermined his ability to meet his quota by arbitrarily refusing to approve a substantial number of his loans. BOA thereafter issued verbal and written warnings to him between March and May, 2011, asserting that he had not met the required 70% goal on his loan production.

18. After May 2011, plaintiff was able to meet the 70% quota goal and no further mention was made by BOA about his performance between May and August, 2011.

19. However, plaintiff's back and neck pain continued to worsen during this period, resulting in his need for back and neck surgery, which surgery was approved by his health insurer on August 22, 2011.

20.   On or about August 23, 2011, Plaintiff communicated with his supervisor and other BOA personnel that he had been advised by his physician to have surgery, and that he would thus be out on temporary total disability as a result of the anticipated surgery.

21.   Within two days of Plaintiff communicating these facts to DUBOIS and BOA, BOA terminated plaintiff's employment on August 25, 2011 in an act that can be characterized as not just one of discrimination, but also harassment and retaliation, due to Plaintiff's medical condition, his actual and perceived disability, and his request for reasonable accommodation, including medical leave under the CFRA.

22.   Plaintiff's termination was carried out by his direct manager, Thierry Dubois.

23.   Plaintiff is informed and believes and thereon alleges that both BOA and Dubois knew that BOA had no legitimate reason to fire Plaintiff, but they were doing so in an act of discrimination, harassment and retaliation, as noted above and to directly interfere with Plaintiffs right to seek medical leave under the CFRA.

24.   On August 10, 2012, plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"), which issued him a right to sue letter on the same date and has thus exhausted his administrative remedies with respect to the named defendants herein.

## FIRST CAUSE OF ACTION

Disability Discrimination in Violation of the

California Fair Employment and Housing Act

(Against DEFENDANT EMPLOYERS and Each of Them)

25.   Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

26.   At all times relevant to this Complaint, California Government Code § 12900 et seq. and its implementing regulations was in full force and effect.

27.   Pursuant to Government Code § 12940(a) it is unlawful for an employer to discriminate against an employee because of that employee's physical disability.

28. Pursuant to Government Code § 12940(m), it is unlawful for an employer to fail or refuse to provide a reasonable accommodation to an employee with a physical or mental disability.

29. Pursuant to Government Code § 12940(n), it is unlawful for an employer to fail to engage in the interactive process to assess whether or not a reasonable accommodation could be made for an employee with a physical or mental disability.

30. During his employment with BOA, plaintiff sustained injury to his neck and back, and informed the EMPLOYER of the same.

31. Pursuant to Government Code § 12926 and § 12926.1, Plaintiff's back and neck injury qualifies as a physical disability. In addition, the EMPLOYER DEFENDANTS regarded or treated Plaintiff as though he had a disability as defined by these sections.

32. At all times relevant to this Complaint, Plaintiff was qualified for, and could perform the essential functions of his position with the Defendants, with or without reasonable accommodation.

33. Plaintiff is informed and believes and thereon alleges that Defendants violated Government Code § 12940(a), (m), and (n) by, among other things, failing to engage in the interactive process, failing to provide reasonable accommodations, terminating Plaintiff's employment and replacing him with an able-bodied person without Plaintiff's disability.

34. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages, all of which is set forth in greater detail in the section below entitled DAMAGES.

35. In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling plaintiff to an award of punitive damages.

///

**SECOND CAUSE OF ACTION**

Age Discrimination in Violation of the

California Fair Employment and Housing Act

(Against DEFENDANT EMPLOYERS and Each of Them)

36.  Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

37.  Pursuant to the FEHA it is unlawful for an employer to discriminate against an employee in excess of 40 years of age in favor of younger employees.

38.  At the time of his termination, Plaintiff was over 40 years of age.

39.  At the time of his termination, Plaintiff was performing his job in a satisfactory manner.

40.  Plaintiff is informed and believes and thereon alleges that he was replaced in his position by a significantly younger person.

41.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

42.  In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling plaintiff to an award of punitive damages.

**THIRD CAUSE OF ACTION**

Violation of the California Family Rights Act

(Against All Defendants and Each of Them)

43.  Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

44.  At all times relevant to this Complaint, California Government Code § 12945.2 and its implementing regulations was in full force and effect.

45.  Pursuant to Government Code § 12945.2 "it shall be an unlawful employment practice for any employer...to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer

1     during the previous 12-month period, to take up to a total of 12 workweeks in any 12-

2     month period for family care and medical leave."

3   46.   During all times pertinent herein, Defendant BOA employed well in excess of 50 persons.

4   47.   Plaintiff herein satisfied the requirements of § 12945.2 to be qualified to seek medical

5     leave under the CFRA to have back surgery.

6   48.   However, when he ultimately sought to exercise his rights to CFRA leave, Plaintiff

7     suffered retaliation in the form of nearly immediate termination of employment.  This

8     retaliation by the Defendants herein was in violation of 2 CCR § 7297.7, which states that

9     "it shall be an unlawful employment practice for any person to discharge ... punish ... or

10     otherwise discriminate against any individual … because that individual has: (a) exercised

11     his ... right to CFRA leave."

12   49.   Individual liability under the CFRA may be imposed on Defendant Dubois in that he, along

13     with BOA, directly interfered with Plaintiff's invocation of CFRA rights and retaliated

14     against Plaintiff, because Plaintiff his CFRA rights.

15   50.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered

16     damages including, but not limited to, a loss of income and benefits, and has further

17     suffered emotional distress and other general damages.

18   51.   In doing the things alleged herein, Defendants' conduct was despicable, and Defendants

19     acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious

20     disregard of Plaintiff's rights, entitling plaintiff to an award of punitive damages.

21                         **FOURTH CAUSE OF ACTION**

22              Hostile Work Environment - Harassment - Violation of FEHA

23                (Against DEFENDANT EMPLOYERS and Each of Them)

24   52.   Plaintiff incorporates by reference and re-alleges each and every one of the allegations

25     contained in the preceding paragraphs of this Complaint as though fully set forth herein.

26   53.   At all times herein mentioned, pursuant to Government Code § 12926 and § 12926.1,

27     plaintiff suffered from a back and neck injury requiring surgery, which qualifies as a

28

1    physical disability. In addition, the EMPLOYER DEFENDANTS regarded or treated

2    Plaintiff as though he had a disability as defined by these sections.

3  54.  During his employment, Plaintiff was subjected to a hostile work environment wherein he

4    was harassed and subjected to retaliation including but not limited to his termination from

5    employment for having sought protected medical leave pursuant to the CFRA.

6  55.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered

7    damages including, but not limited to, a loss of income and benefits, and has further

8    suffered emotional distress and other general damages.

9  56.  In doing the things alleged herein, Defendants' conduct was despicable, and Defendants

10    acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious

11    disregard of Plaintiff's rights, entitling plaintiff to an award of punitive damages.

12                      **FIFTH CAUSE OF ACTION**

13               Wrongful Termination in Violation of Public Policy

14              (Against DEFENDANT EMPLOYERS And Each of Them)

15  57.  Plaintiff herein re-alleges and incorporates each and every one of the foregoing paragraphs

16    of this Complaint as though fully set forth herein.

17  58.  In California, employees may bring a tort action for wrongful discharge if their employer

18    discharges them for a reason that violates fundamental public policy. (*Tameny v. Atlantic*

19    *Richfield Co.* (1980) 27 Cal.3d. 167, 176.)

20  59.  The CFRA is a fundamental public policy: "Discharge in violation of the CFRA has been

21    held, as a matter of law, to constitute wrongful discharge in violation of public policy.

22    (*Nelson v. United Technologies* (1999) 74 Cal.App.4th 597, 609-610.)

23  60.  Discharge in violation of the FEHA (i.e. in an act of age discrimination) is likewise

24    prohibited by public policy.

25  61.  Prompt payment of all wages due to an employee is also fundamental California public

26    policy.

27

28

62.  DEFENDANT EMPLOYERS terminated Plaintiff, because plaintiff sought to exercise his CFRA rights, because of his age and disability, and because he had complained about non-payment of commissions.

63.  Plaintiff suffered damages legally caused by DEFENDANT EMPLOYERS' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

64.  In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling plaintiff to an award of punitive damages.

## SIXTH CAUSE OF ACTION

Recovery of Unpaid Overtime Wages - Cal. Labor Code §1194

(Against DEFENDANT EMPLOYERS and Each of Them)

65.  Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

66.  As a matter of DEFENDANT EMPLOYERS' established policy and/or practice, Plaintiff was employed and scheduled to work and in fact did work for DEFENDANT EMPLOYERS during the four year period preceding the filing of the Complaint, in excess of eight (8) hours per workday and/or in excess of 40 hours per workweek without receiving straight time or overtime compensation for such excess hours worked, in violation of California Labor Code §1997 and the applicable California IWC Wage Order.

67.  Plaintiff performed non-exempt tasks in excess of fifty percent (50%) of his workday and/or workweek; thus, he could not properly have been classified and/or treated by Defendants as "exempt" from California laws regulating overtime.

68.  DEFENDANT EMPLOYERS' failure to pay Plaintiff premium wages for work performed in excess of eight (8) hours per day and/or 40 hours per week violates, at a minimum, Labor Code §§510(a) and 1198.

69.  DEFENDANT EMPLOYERS' pattern, practice and uniform administration of company policy regarding illegal employee compensation as described herein is unlawful.  Pursuant

1    to <u>Labor Code</u> §1194(a), Plaintiff seeks to recover for himself the unpaid balance of the

2    full amount of the straight time compensation and overtime premiums due owing to his.

3  70.   Plaintiff also seeks all legal remedies available for Defendants' willful non-payment of

4    overtime wages, including but not limited to:

5    a.    Interest pursuant to <u>Labor Code</u> §§218.6 and 1194(a), <u>Civil Code</u> §§ 3287 and

6         §3289;

7    b.    Reasonable attorneys' fees and costs of suit pursuant to <u>Labor Code</u> §1194; and,

8    c.    Damages and/or penalties pursuant to <u>Labor Code</u> §558(a).

9                  **SEVENTH CAUSE OF ACTION**

10              Waiting Time Penalties - Cal. Labor Code § 203

11         (Against DEFENDANT EMPLOYERS and Each of Them)

12  71.   Plaintiff incorporates by reference and re-alleges each and every one of the allegations

13    contained in the preceding paragraphs of this Complaint as though fully set forth herein.

14  72.   Plaintiff is informed and believes and thereon alleges that Defendants, in violation of <u>Labor</u>

15    <u>Code</u> §203, consistently and willfully failed to timely pay his all wages due and owing at

16    the time of his termination of employment, including basic and overtime wages as set forth

17    hereinabove.

18  73.   Plaintiffs seeks the penalties to which he is entitled pursuant to <u>Labor Code</u> §203, in the

19    amount of his daily wage multiplied by thirty (30) days.

20                  **EIGHTH CAUSE OF ACTION**

21       Failure to Provide Accurate Wage Statements - Lab. Code § 226

22         (Against DEFENDANT EMPLOYERS and Each of Them)

23  74.   Plaintiff incorporates by reference and re-alleges each and every one of the allegations

24    contained in the preceding paragraphs of this Complaint as though fully set forth herein.

25  75.   Plaintiff is informed and believes and thereon alleges that Defendants, in violation of <u>Labor</u>

26    <u>Code</u> §226(a), engaged in a consistent practice with respect to Plaintiff of regularly failing

27    to furnish Plaintiff with accurate, itemized statements in writing showing, *inter alia,* (1)

28    gross wages earned, (2) total hours worked by the employee, and (3) net wages earned.

76. Plaintiff is further informed and believes and thereon alleges that Defendants did not maintain accurate business records pertaining to the total hours worked for Defendants by Plaintiff herein.

77. Plaintiff seeks damages and/or penalties pursuant to Labor Code §226(e) for each violation by Defendants of Labor Code §226(a).

78. Plaintiff also seeks an award of reasonable attorneys' fees and costs pursuant to Labor Code §226(g).

## NINTH CAUSE OF ACTION

Intentional Infliction of Emotional Distress

(Against All Defendants and Each of Them)

79. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

80. As set forth herein above, the Defendants, and each of them, engaged in extreme and outrageous conduct with the intention to cause or reckless disregard of the probability of causing the Plaintiff herein emotional distress.

81. Such conduct included, but is not limited to intentionally interfering with Plaintiff's right to seek medical care pursuant to the CFRA and terminating Plaintiff's employment in a manner that was designed to and did effectuate said interference with Plaintiff's CFRA rights, in addition to being an act of age discrimination.

82. The aforesaid conduct was the actual and proximate cause of severe emotional distress suffered by the plaintiff herein.

83. Plaintiff suffered damages as set forth in the DAMAGES section, set forth below.

84. Defendants' conduct in this regard was despicable, and Defendants acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling plaintiff to an award of punitive damages.

/ / /

**TENTH CAUSE OF ACTION**

Unfair Business Practices - Bus. & Prof. Code §§ 17200 *et seq.*

(Against DEFENDANT EMPLOYERS and Each of Them)

85. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

86. As set forth herein above, the Defendants, and each of them, have engaged in unfair business practices in California by utilizing and engaging in an unlawful pattern and practice of failing to properly pay employee compensation as described in the preceding causes of action, specifically, by requiring the plaintiff to perform work without overtime wages and without proper wage statements.

87. Defendants' use of such practices is unlawful and constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors.

88. Plaintiff and other similarly situated members of the general public seek full restitution on account of the economic injuries they have suffered along with disgorgement of ill-gotten gains from the Defendants as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair business practices complained of herein.

89. Plaintiff seeks on his own behalf and on behalf of the general public, the appointment of a receiver, as necessary, to oversee said restitution, including all wages earned and unpaid, including interest thereon.

90. The acts complained of in this cause of action occurred, at least in part, within the last four (4) years preceding this Complaint for Damages.

**DAMAGES**

91. At the time plaintiff entered into the employment agreement and continuing thereafter, all parties to the employment agreement contemplated and it was reasonably foreseeable that breach of the agreement would cause plaintiff to suffer emotional distress. At all times, it was likely in the ordinary course of things that breach of the employment agreement would

1   cause plaintiff to suffer emotional distress. The terms of the employment agreement related

2   to matters which directly concerned plaintiff's comfort, happiness and personal welfare,

3   and defendants were aware of this at the time they entered into the agreement and

4   continuing thereafter. The subject matter of the employment agreement was such as to

5   directly affect plaintiff's self esteem and emotional well being, and DEFENDANT

6   EMPLOYERS were aware of this at the time they entered into the agreement and

7   continuing thereafter.

8   92.   Plaintiff suffered emotional distress as a legal result of the conduct by DEFENDANT

9         EMPLOYERS of which plaintiff complains. Plaintiff suffered mental distress, suffering

10        and anguish as a legal result of DEFENDANT EMPLOYERS' outrageous conduct, reacting

11        to his discharge with humiliation, embarrassment, anger, disappointment and worry, all of

12        which is substantial and enduring.  Plaintiff will seek leave to amend this complaint to state

13        the amount or will proceed according to proof at trial.

14  93.   At all material times, DEFENDANT EMPLOYERS, and each of them, knew that plaintiff

15        depended on his wages and other employee benefits as a source of earned income not just

16        for himself but for his family.   At all material times, DEFENDANT EMPLOYERS were

17        in a position of power over plaintiff, with the potential to abuse that power. Plaintiff was in

18        a vulnerable position because of his relative lack of power, because of his reliance on

19        DEFENDANT EMPLOYERS' assurances and forbearance of the possibility of becoming

20        employed elsewhere, because he had placed his trust in DEFENDANT EMPLOYERS,

21        because he depended on his employment for his self esteem and sense of belonging,

22        because he relied upon his employment as a source of income for support, because a

23        wrongful termination of plaintiff's employment would likely harm plaintiff's ability to find

24        other employment, and because of the great disparity in bargaining power between plaintiff

25        and DEFENDANT EMPLOYERS.  DEFENDANT EMPLOYERS were aware of

26        plaintiff's vulnerability and the reasons for it.

27  94.   Notwithstanding such knowledge, DEFENDANT EMPLOYERS, and each of them, acted

28        oppressively, fraudulently, and maliciously, in willful and conscious disregard of plaintiff's

1   rights, and with the intention of causing or in reckless disregard of the probability of

2   causing injury and emotional distress to the plaintiff.

3   95.   Further, DEFENDANT EMPLOYERS were informed of the oppressive, fraudulent and

4       malicious conduct of their employees, agents and subordinates, and ratified, approved, and

5       authorized that conduct.

6   96.   The foregoing conduct of DEFENDANT EMPLOYERS, and each of them, was

7       intentional, willful and malicious and plaintiff is entitled to punitive damages in an amount

8       to conform to proof.

9   97.   Plaintiff also is entitled to attorneys' fees and costs pursuant to Cal. Labor Code §§22(g)

10      1194 , Cal. Code of Civil Procedure §1021.5 and Cal. Government Code § 12965(b).

11  98.   Plaintiff has incurred and continues to incur legal expenses and attorneys fees.  Plaintiff is

12      presently unaware of the precise amount of these expenses and fees, and prays leave of the

13      court to amend this complaint when the amounts are more fully known.

**PRAYER**

**Wherefore,** plaintiff prays for judgment against defendants, and each of them, as follows:

1.   For a money judgment representing compensatory damages including unpaid and/or lost
     wages, earnings, retirement benefits and other employee benefits, and all other sums of
     money, together with interest on these amounts, according to proof;

2.   For a money judgment for mental pain and anguish and emotional distress, according to
     proof;

3.   Penalties pursuant to Lab. Code §§ 203 and 558;

4.   For statutory damages and/or penalties pursuant to Lab. Code § 226;

5.   For an award of punitive damages, according to proof;

6.   For costs of suit and attorney fees pursuant to *inter alia* C.C.P. § 1021.5,  Gov't. Code §
     12965(b); and Labor Code § 1194;

7.   For prejudgment and postjudgment interest; and,

8.   For any other relief that is just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED: March 15, 2013

Respectfully submitted,
THE CULLEN LAW FIRM, APC

BY: PAUL T. CULLEN

Attorneys for Mark Bittenson, an individual

COMPLAINT FOR DAMAGES
Page 15

 CT Corporation

**Service of Process Transmittal**
05/08/2013
CT Log Number 522681690

**TO:** CA LegaLit
Bank of America
Litigation Intake, CA6-915-01-17
30870 RUSSELL RANCH RD
Westlake Village, CA 91362

**RE:** **Process Served in California**

**FOR:** Bank of America, National Association (Domestic State: N/A)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mark Bittenson, etc., Pltf. vs. Bank of America, National Association, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Addendum and Statement, Notice of Case Assignment, Instructions, Stipulations, Informal Discovery Conference, Stipulation and Order |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA Case # BC507855 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of his age, medical condition, his actual and perceived disability - Retaliation - Wrongfully terminated on August 25, 2011 - Harassment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/08/2013 at 16:46 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Paul T. Cullen The Cullen Law Firm, APC 19315 Rinaldi, Box 647 Porter Ranch, CA 91326 626-744-9125 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/09/2013, Expected Purge Date: 05/14/2013 Image SOP Email Notification, CA LegaLit calegalit@bankofamerica.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / EC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 EXHIBIT B

5/8/13   2:40 p

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANK OF AMERICA, NATIONAL ASSOCIATION; THIERRY
DUBOIS, *an individual and Does 1 through 50*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARK BITTENSON, *an individual*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 02 2013

John A. Clarke, Executive Officer/Clerk

BY *Cristina Grijalva*, Deputy
Cristina Grijalva

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>BC507855 |
|---|---|

111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul T. Cullen, The Cullen Law Firm, 19360 Rinaldi Street, # 647, Porter Ranch, CA 91326

| DATE:<br>*(Fecha)* John A. Clarke | Clerk, by<br>*(Secretario)* Cristina Grijalva | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Bank of America, National Association

[SEAL]

MAY 02 2013

   under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5/8/13

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|


EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

PAUL T. CULLEN, SBN 193575
THE CULLEN LAW FIRM, APC
19360 Rinaldi Street, #647
Porter Ranch, CA 91326
TELEPHONE NO: (818)360-2529     FAX NO: (866)794-5741
ATTORNEY FOR *(Name):* Mark Bittenson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 02 2013

John A. Clarke, Executive Officer/Clerk
BY Cristina Uzcano, Deputy

CASE NAME:
BITTENSON V. BANK OF AMERICA; THIERRY DUBOIS

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC507855 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 10
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 2, 2013
Paul T. Cullen
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT D



| SHORT TITLE: BITTENSON V. BANK OF AMERICA, THIERRY DUBOIS | CASE NUMBER BC507855 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0

Page 1 of 4

| SHORT TITLE: BITTENSON V. BANK OF AMERICA, THIERRY DUBOIS | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., ②, 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| BITTENSON V. BANK OF AMERICA, THIERRY DUBOIS | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: BITTENSON V. BANK OF AMERICA, THIERRY DUBOIS | CASE NUMBER |
| --- | --- |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 6303 Owensmouth Avenue |
| --- | --- |

| CITY: Woodland Hills | STATE: CA | ZIP CODE: 91367 |
| --- | --- | --- |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Central_____ courthouse in the __Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __May 2, 2013_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____ **BC507855**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Michael Johnson | 56 | 514 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Rita Miller | 16 | 309 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | | | |
| Hon. Barbara Scheper | 30 | 400 | | | | |
| Hon. Mary H. Strobel | 32 | 406 | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Elihu M. Berle*** | **323** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | OTHER | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | | |
| Hon. Deirdre Hill | 49 | 509 | | | | |
| Hon. John L. Segal | 50 | 508 | | | | |
| Hon. Abraham Khan | 51 | 511 | | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | | |
| Hon. Malcolm H. Mackey | 55 | 515 | | | | |

*Complex

All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____        JOHN A. CLARKE, Executive Officer/Clerk

LACIV CCH 190 (Rev. 01/12)                   **NOTICE OF CASE ASSIGNMENT –**                   Page 1 of 2
LASC Approved 05-06
For Optional Use                             **UNLIMITED CIVIL CASE**


EXHIBIT  E

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15 days** after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 2 of 2

EXHIBIT F

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

    i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                  (INSERT DATE)                           (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day·

The following parties stipulate:

Date:

_____    ➤ _____
      (TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)

Date:

_____    ➤ _____
      (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤ _____
      (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤ _____
      (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤ _____
      (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____    ➤ _____
      (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____    ➤ _____
      (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court..

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:   _____          _____
                                                                    JUDICIAL OFFICER

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, , Los Angeles, CA 90067-1501. On June 7, 2013, I served the following document(s) described as: **DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COUR; DECLARATION OF ROBERT M. DROZYNSKI AND COLLEEN O. JOHNSON IN SUPPORT THEREOF**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED LIST**

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 7, 2013, at Los Angeles, CA.

Roland Morrissette

1

**SERVICE LIST**

2   Paul T. Cullen, Esq.                 *Attorneys for Plaintiff*
     THE CULLEN LAW FIRM, APC
3   19315 Rinaldi, Box 647
     Porter Ranch, CA  91326
4   T: 626.744.9125 / F: 866.794.5741
     Email: Paul@Cullenlegal.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV13- 4115 ODW (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

COPY

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Mark Bittenson | Bank of America, N.A.<br>Thierry Dubois (No proof of service of Thierry Dubois has been filed; this removal is filed on behalf of Bank of America, N.A.) |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Paul T. Cullen<br>The Cullen Law Firm, APC<br>19315 Rinaldi, Box 647<br>Porter Ranch, California 91326<br>Tel: 626.744.9125 / Fax: 866.794.5741 | Michael D. Mandel (SBN 216934) / John Van Hook (SBN 205067)<br>McGuireWoods LLP<br>1800 Century Park East, 8th Floor<br>Los Angeles, California 90067<br>Tel: 310.956.3413 / Fax: 310.315.8210 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 861 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV13- 4115

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
    ☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
    ☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | NORTH CAROLINA |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _JOHN A. VAN HOOK_   Date   June 7, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com